STATE OF INDIANA        )
                        )SS
COUNTY OF ST. JOSEPH    )

DONALD KWIATKOWSKI,
c/o Kent Hull
Indiana Legal Services, Inc.
105 E. Jefferson Blvd., Suite 600
South Bend, IN 46601
    Plaintiff,

vs.

HOUSING AUTHORITY OF SOUTH BEND,
A Municipal Corporation
501 Alonzo Watson Drive
South Bend, IN 46601
    Defendant.

IN THE ST. JOSEPH

CAUSE NO.: 71d0 0507 PL

SUPERIOR COURT

ST. JOSEPH COUNTY CLERK
2005 JUL 20 P 3:3

## VERIFIED COMPLAINT FOR INJUNCTIVE, DECLARATORY, AND COMPENSATORY RELIEF

For his Complaint against the Defendant, Plaintiff Donald Kwiatkowski (hereinafter Mr. Kwiatkowski) states the following:

1. He is a resident of St. Joseph County, Indiana, State of Indiana.

2. Within the two years prior to the filing of this action, he was recipient of what are known as "Section 8" housing benefits, administered by the Defendant, Housing Authority of South Bend (hereinafter Housing Authority). The Section 8 program is established by federal law, at 42 U.S.C. § 1437f(a) to aid low-income families to obtain a decent place to live. It provides vouchers to tenants, who in turn, pay rent based on their income and their ability to pay. The Section 8 program then pays the difference to participating landlords, who have agreed to participate in the program.

1

3.	Because of the substantial federal and state financial involvement in the Section 8 program, tenants such as Mr. Kwiatkowski are entitled to significant due process protections, as set forth, in part, at 24 C.F.R. 982.301-307.

4.	Within the two years prior to the filing of this action, the Housing Authority terminated Mr. Kwiatkowski's right to participate in the Section 8 program.

5.	It was, and continues to be, unclear to Mr. Kwiatkowski as to the reason for this termination.  Mr. Kwiatkowski is an individual receiving Social Security Disability benefits, arising from both physical injuries incurred in work, as well as mental limitations in the form of memory problems also incurred in the course of his work.  Mr. Kwiatkowski is an "individual with a disability" within the meaning of Americans with Disabilities Act, 42 U.S.C. § 12131, et. seq. and Section 504 of the Rehabilitation Act of 1973, as amended.  Specifically, the Housing Authority is a "public service" within the meaning of the ADA and is also a recipient of federal financial assistance within the meaning of Section 504.

6.	The Housing Authority is a municipal corporation, established under the laws of the State of Indiana.  As such, it is a "person" acting under color of state law, as defined by the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

7.	As an agency of the State of Indiana, the Housing Authority is also required to comply with Article I, Sections 12 and 23 of the Constitution of the State of Indiana.

8.	The Housing Authority is further required to comply with the requirements of the United States Housing Act, as amended, 42 U.S.C. § 1437 and implementing rules.

9.	The Housing Authority failed to give Mr. Kwiatkowski adequate notice of the reason for his termination from the Section 8 program.

10.     The Housing Authority acted illegally when it terminated Mr. Kwiatkowski's eligibility for the Section 8 program.

11.     As a direct and proximate cause of the actions of the Housing Authority, Mr. Kwiatkowski has suffered economic and other injuries for which he is entitled to compensation under the statutes and provisions set forth as Causes of Action below.

## CAUSES OF ACTION

12.     For his First Claim, Mr. Kwiatkowski asserts that the Housing Authority has violated his rights to due process and equal protection of the law as guaranteed by the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

13.     For a Second Claim, Mr. Kwiatkowski asserts that the Housing Authority has violated his rights as guaranteed by Article I, Sections 12 and 23 of the Constitution of the State of Indiana.

13.     For his Third Claim, Mr. Kwiatkowski asserts that the Housing Authority has violated his rights as guaranteed by Title II of the ADA, 42 U.S.C. § 12131 et. seq.

14.     For his Fourth Claim, Mr. Kwiatkowski asserts that the Housing Authority has violated his rights as guaranteed by Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794.

15.     For his Fifth Claim, Mr. Kwiatkowski asserts that the Housing Authority has violated his rights as guaranteed by the United States Housing Act, as amended, together with implementing regulations at 42 U.S.C. § 1437 and 24 C.F.R. 982.301-317.

RELIEF

A. Mr. Kwiatkowski asserts that he is threatened with irreparable harm and without an adequate remedy of law and requests that this Court issue appropriate declaratory and injunctive relief.

B. He requests that this Court award an appropriate amount of damages for violation of each Claim established, in excess of $10,000 for each violation.

C. He further requests that the Court award exemplary damages in an appropriate amount shown to be justified by the evidence.

D. He further requests that the Court grant such other and further relief as may be justified in the circumstances.

Respectfully Submitted,

INDIANA LEGAL SERVICES, INC.
Attorney for Plaintiff

_____
Kent Hull
Attorney No.: 8580-71
105 E. Jefferson Blvd., Suite 600
South Bend, IN  46601
(574) 234-8121

## VERIFICATION

I affirm, under the penalties of perjury, that the foregoing representations are true.

Dated this 2 day of July, 2005